IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 11 |
| CARRIAGE HOUSE CONDOMINIUMS, L.P., | : |
| DEBTOR. | : BANKRUPTCY NO. 09-12647 SR |
| IN RE | : CHAPTER 7 |
| 23S23 CONSTRUCTION, INC., | : |
| DEBTOR. | : BANKRUPTCY NO. 09-12652 SR |
| MORRIS BLACK & SONS, INC., | : |
| PLAINTIFF, | : |
| v. | : |
| 23S23 CONSTRUCTION, INC., CARRIAGE HOUSE CONDOMINIUMS, L.P., AND TURCHI, INC., | : |
| DEFENDANTS. | : ADVERSARY NO. 09-0111 |

# OPINION

BY:  STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

**<u>INTRODUCTION</u>**

Before the Court is the motion ("Motion") of defendants, 23S23 Construction, Inc. ("23S23"), and Turchi, Inc., for partial summary judgment on the pleadings against plaintiff,

Morris Black & Sons, Inc. ("Morris Black").  Significantly, while 23S23 is a debtor,[1] both Morris Black and Turchi, Inc. are non-debtors.  Carriage House Condominiums, L,P. ("Carriage House), which is a also a debtor,[2] used to be a defendant in this proceeding but is not one any longer.[3]

Morris Black originally commenced this action in state court (the "state court action") in November of 2007.  Carriage House removed the state court action to this Court on April 16, 2009.

Morris Black's complaint ("Complaint") contains three counts styled as a breach of contract claim, an unjust enrichment claim and a claim for violation of the Contractor and Subcontractor Payment Act, 73 P.S. § 501 et seq. ("Contractor/Subcontractor Payment Act").  According to the Motion, the defendants seek judgment in favor of the non-debtor defendant, Turchi, Inc., on all three counts of the Complaint.

Upon consideration of the developments in the aforementioned debtors' bankruptcy cases and the current status of this adversary proceeding, the Court *sua sponte* raises the issue of equitable remand pursuant to 28 U.S.C. § 1452(b) and concludes that the state court action should be equitably remanded to the state court.

---

[1] 23S23 is a debtor in Bankruptcy Case No. 09-12652.

[2] Carriage House is the debtor in Bankruptcy Case No. 09-12647 as listed on the caption for this adversary proceeding.

[3] In the "Background" section of this Opinion, the Court explains the reason that Carriage House is no longer a defendant in this adversary proceeding.  *See text at pg. 9. See also Motion at 1 n.1 (acknowledging that "Carriage House is no longer a party to this action[.]").*

2

**BACKGROUND**

Morris Black and 23S23 entered into a Construction Subcontract Agreement (the "Agreement"). Pursuant to this Agreement, Morris Black was to provide certain materials and labor on a project ("Project") located at 23 South 23rd Street (the "Property"). The Project was the conversion of the Property into condominium units. According to Morris Black, it completed its portion of the Project and is owed a balance of $174,370.64. In an effort to recover this amount, Morris Black filed the state court action.

After Morris Black filed its Complaint in state court, the three defendants filed preliminary objections asserting, *inter alia*, that:

>  (I) Count I for breach of contract should be dismissed as to Carriage House and Turchi, Inc. because they were not parties to the Agreement;
>
>  (ii) Count II for unjust enrichment should be dismissed as to Turchi, Inc. because it received no benefit from Morris Black's work on the Project or, at the least, did not unjustly benefit from it; and
>
>  (iii) Count III for breach of the Contractor/ Subcontractor Payment Act should be dismissed as to Turchi, Inc. because the act only applies to owners and contractors.

*Adversary Proceeding No. 09-111, Docket Entry No. 2 at pgs. 94-101 (Preliminary Objections to Complaint).* The state court sustained the preliminary objections with regard to Count II as against Turchi, Inc. but otherwise overruled them. *Id. at pgs. 42-50 (State Court Opinion, dated July 8, 2008, by Judge William E. Ford ("State Court Opinion")).* In so ruling, the state court was persuaded by Morris Black's argument that all three defendants could be subject to the liabilities incurred by 23S23 under the Agreement and the Contractor/Subcontractor Payment Act because all three defendants were "alter egos

of each other" and, therefore, the corporate veil separating them should be pierced. Applying the standard applicable to demurrers which required "all doubts to be decided in favor of the non-moving party," the state court concluded that Morris Black had "averred sufficient facts" in its Complaint "to support its alter ego theory."[4] *State Court Opinion at 4.* Based on this conclusion, the state court ruled that all three defendants could be held liable on Counts I and III. As to Count II against Turchi, Inc., the state court granted Morris

---

[4] Discussing the averments in the Complaint relating to Morris Black's alter ego theory, the State Court stated:

> The plaintiff has averred in his complaint that Carriage House applied for credit with plaintiff prior to execution of the contract in question. Carriage House also made all payments on behalf of 23S23. Turchi approved change orders and authorizations pursuant to the contact. All three defendants share a principal place of business, and John Turchi has acted as a representative of all three defendants. Given the standard of review in demurrers requiring all doubts to be decided in favor of the non-moving party, we find that there are facts sufficient to support inferences that the defendants failed to adhere to corporate formalities and that 23S23 was undercapitalized. Because of this, the preliminary objection to Count I of the complaint is overruled.

*State Court Opinion at 5.* With regard to the argument that Morris Black failed to state a claim against Turchi, Inc. under the Contractor Subcontractor Payment Act in Count III, the state court opined:

> Defendant, Turchi, objects to Count III of the complaint as applied to itself. Turchi argues that it cannot be held liable under the Contractor/Subcontractor Payment Act because it is not an owner or contractor within the meaning of 73 P.S. §§ 505, 507. However, if plaintiff is ultimately successful in piercing the corporate veil, Turchi will assume the liabilities of 23S23. This is true just as much for liability incurred under the Contractor/Subcontractor Payment Act as with liability incurred from a breach of contract.

*Id.* at 8-9.

Black thirty (30) days to amend the Complaint. *Id. at 8.* If Morris Black failed to do so, the state court ordered that the Count II would be dismissed as to Turchi, Inc. "upon further motion." *Id.*

When Morris Black did not amend the Complaint, defendants filed a motion, dated September 4, 2008, to dismiss Count II for unjust enrichment as against Turchi, Inc.. *See Adversary Proceeding No. 09-111, Docket Entry No. 2 at 37-38 (Motion to Dismiss Count II Unjust Enrichment Claim Against Turchi, Inc.).* On September 8, 2008, the state court issued an Order dismissing Count II as to Turchi, Inc. with prejudice. *Id. at 33-35 (State Court Orders, dated September 8, 2009).* The Court also directed 23S23, Carriage House and Turchi, Inc. to file a responsive pleading to the Complaint and set May 15, 2009 as the deadline for discovery. *Id. at 33.* On October 20, 2008, defendants filed an answer to the Complaint. Thereafter, Morris Black filed a reply to the new matter contained in defendants' answer.

On April 9, 2009, Carriage House and 23S23 each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On April 23, 2009, the Court granted a motion for joint administration of their bankruptcy cases, ordering all docket entries to be made in the Carriage House bankruptcy case. *See Bankruptcy Case No. 09-12652, Docket Entry No. 26 (granting the motion for joint administration of Bankruptcy Case Nos. 09-12647 and 09-12652).*

As noted above, the debtor defendants, Carriage House and 23S23, removed the state court action to this Court on April 16, 2009. *See Adversary Proceeding No. 09-111, Docket Entry No. 1 (Notice of Removal).* On the same date, the debtors removed other

5

litigation ("Other Removed Litigation") to this Court.

The Other Removed Litigation included: (i) an action that was commenced by Sunlight Electrical Contracting Co. against the debtors and other entities in the district court (the "Removed District Court Action"), *see Adversary Proceeding No. 09-115, Docket Entry No. 1;* and (ii) four consolidated actions (the "Removed Consolidated Actions") which included three actions that were filed against the debtors and other entities as well as one action that was filed by the debtors, *see Adversary Proceeding No. 09-120, Docket Entry No. 1.* The plaintiffs in the three actions against the debtors are: (1) National Glass and Metal Company, Inc. ("National Glass"); (2) D'Andrea Brothers Concrete Company, Inc. ("D'Andrea"); and (3) B.V.F. Construction Co., Inc. ("BVF").

The defendant in the action by the debtors is Hunter Roberts Construction Group, LLC. ("Hunter Roberts"), which 23S23 allegedly "engaged to provide management services" for the Project. *Adversary Proceeding No. 09-120, Docket Entry No. 1, at pg. 501 (Complaint ¶ 8).* The debtors contend that Hunter Roberts "actions and inactions delayed the progress" of the project and "caused significant damages" to them "in that the condominiums were completed after the residential real estate market had declined, thus leaving [debtors] with an inventory of condominiums" that cannot be sold "for the projected prices, and if they are to be sold at all, may have to be sold for thousands of dollars less." *Id. at 503* (*Complaint ¶ 15).* In Count I of their complaint for breach of contract, the debtors allege that they were injured by Hunter Roberts in an amount in excess of $2,000,000. *Id. at pg. 504 (Complaint ¶ 21).* Significantly, the debtors' action against Hunter Roberts is the <u>only</u> asset listed on 23S23's Schedules. *See Bankruptcy Case No. 09-12647, Docket*

*Entry No. 59 (Schedules A & B).*

In the actions filed by National Glass, D'Andrea and BVF, the defendants which included 23S23 and Carriage House filed third party complaints against Hunter Roberts. *See Adversary Proceeding 09-120, Docket Entry No. 1 at 206-214, 383-391; 492-496.* No third party complaint was filed in the instant adversary proceeding.

On May 5, 2009, Morris Black filed a Proof of Claim (the "Proof of Claim") against Carriage House and 23S23 listing an unsecured claim for $174,370.64. *See Bankruptcy Case No. 09-12647, Claim No. 7.* The Proof of Claim was based on the same debt that is at issue in the instant adversary proceeding.

On May 19, 2009, Morris Black filed a motion for remand in the instant adversary proceeding.[5] *See Adversary Proceeding No. 09-111, Docket Entry No. 4.* Hunter Roberts similarly filed a motion for abstention or remand in the Removed Consolidated Cases.[6] *See Adversary Proceeding 09-120, Docket Entry No. 7.* BVF joined in Hunter Roberts' motion. *Id. at Docket Entry No. 9.* A consolidated hearing on the motions was held on May 28, 2009.

---

[5] Morris Black originally filed its motion for remand in 23S23's bankruptcy case but, upon realizing its mistake, filed a praecipe to withdraw the motion for remand from the bankruptcy case and thereafter filed it in this adversary proceeding. *See Bankruptcy Case No. 09-12652, at Docket Entry Nos. 33 & 34; Adversary Proceeding No. 09-0111, Docket Entry No. 3.*

[6] In the Removed District Court Action, Sunlight Electrical Contracting Co. filed a motion to strike the debtors' removal of the district court action and Hunter Roberts filed a motion to strike the debtors' removal or, in the alternative, for abstention or remand of the action. *See Adversary Proceeding No. 09-115, Docket Entry Nos. 10 & 11.* The debtors opposed these motions. *See Adversary Proceeding 09-115, Docket Entry No. 15.* However, the Court granted these motions, concluding that the debtors' attempt to remove the litigation from the district court to the bankruptcy court was procedurally deficient.

On July 30, 2009, the Court issued an Order denying the motions to remand in the instant adversary proceeding and the Removed Consolidated Cases. *Adversary Proceeding 09-111, Docket Entry No. 8; Adversary Proceeding No. 09-120, Docket Entry No. 19.* In so ruling, the Court concluded that mandatory abstention did not apply because only four of the factors necessary for mandatory abstention were established, namely that: (1) the claims in the state court action are based on state contract and construction law; (2) the Court has "related to" jurisdiction over the removed litigation; (3) without the bankruptcy filing, this Court would lack jurisdiction to hear the claims; and (4) the state court was competent to hear the claims. Opinion, dated July 30, 2009 ("Bankruptcy Court Opinion"), at 17-18; Adversary Proceeding No. 09-111, Docket Entry No. 7. Insofar as the fifth factor, which is whether the state court action could be "timely adjudicated" in the state forum, the Court observed that the notion of timeliness in the context of a Chapter 11 bankruptcy case is an expansive one and that the Third Circuit "has explained that timeliness must be determined 'with respect to needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed.'" *Id. at 18 (quoting Stoe v. Flaherty*, 436 F.3d 209, 219 (3d Cir. 2006)). Utilizing this meaning of the term "timeliness," the Court concluded that the movants had not carried their burden of showing that the fifth factor for mandatory abstention was met. *Id. at 18-22.* The Court also considered whether to remand the state court action based on permissive abstention or equitable remand but opted, in the exercise of its discretion, not to do so. *Id. at 22-27.* While the Court recognized that the claims at issue involve state law and that interests of federalism (*i.e.*, comity) exist "which might, without more, support remand," the

Court ruled against sending the instant adversary proceeding and the Removed Consolidated Cases back to state court because, at that point in time, the Court was concerned that litigation of the claims in state court rather than in the bankruptcy court "could delay resolution of" the debtors' Chapter 11 bankruptcy cases "for a long time." *Id. at 24-25.* Since the Court's ruling on July 30, 2009, however, significant events have occurred which affect the issue of remand in the instant adversary proceeding.

After the Court denied Morris Black's motion for remand, Carriage House filed an objection to Morris Black's Proof of Claim, arguing that the basis of the claim is the Agreement between Morris Black and 23S23 and that liability, if any, on the claim is the sole responsibility of 23S23. *Bankruptcy Case No. 09-12647, at Docket Entry No. 296 (The Debtor's Objection to Proof of Claim Number 7 Filed on Behalf of Morris Black & Sons, Inc.).* By Order, dated November 18, 2010, the Court sustained Carriage House's objection and ruled that Morris Black "shall have no claim in the Carriage House Condominiums, L.P. bankruptcy proceeding." *See id., Docket Entry No. 304 (Court Order, dated November 18, 2010).* For this reason, Carriage House is no longer a defendant in this adversary proceeding.

Thereafter, on March 24, 2010, 23S23 filed a motion for dismissal of its bankruptcy case pursuant to 11 U.S.C. § 1112(b), alleging that: (i) the debtors had filed a joint plan of reorganization that provided a pot of $50,000 to be distributed to 23S23's unsecured creditors; (ii) the $50,000 was being funded by its principal, Turchi; (iii) 23S23's unsecured creditors voted to reject the joint plan of reorganization; (iv) Turchi was unwilling to increase his contribution to the plan; (v) in light of the unsecured creditors' vote to reject the plan

and its principal's decision not to further fund the plan, 23S23 did not believe that the joint plan or any plan was confirmable as to it; and (vi) that it had no assets to support or justify a liquidating plan. *Bankruptcy Case No. 09-12647, Docket Entry No. 227.* Hunter Roberts filed a response to 23S23's motion to dismiss its bankruptcy case. *Id., Docket Entry No. 229.* Hunter Roberts took no position on whether the bankruptcy case should be dismissed but asserted that, if the Court was inclined to dismiss the case on the basis of 23S23's representation that it has no assets, then the Court should prohibit 23S23 from pursuing its litigation against Hunter Roberts post-dismissal. *Id.*

D'Andrea also filed a response to 23S23's motion to dismiss its bankruptcy case. *Id., Docket Entry No. 234.* D'Andrea argued that the motion to dismiss should be denied until 23S23 provided full responses to discovery requests served upon them so that a determination could be made whether 23S23's goal was to avoid paying the subcontractors on the Project and shelter the assets of Turchi, Inc., John J. Turchi, Jr., Carriage House and other related entities. *Id.*

The Court held a hearing on 23S23's motion to dismiss and by Order, dated April 27, 2010, converted the bankruptcy case to a case under Chapter 7. *Bankruptcy Case No. 09-12647, Docket Entry No. 238, Bankruptcy Case No. 09-12652, Docket Entry No. 39.* Only <u>one</u> day later, a Chapter 7 Trustee was appointed. *Bankruptcy Case No. 09-12652, Docket Entry No. 40.* Moreover, by Order, dated May 13, 2010, the Court ruled that the bankruptcy cases of Carriage House and 23S23 would no longer be jointly administered but, instead, would thereafter be separately and individually administered. *Bankruptcy Case 09-12652, Docket Entry No. 42.*

On June 22, 2010, the Court issued an Order confirming a third amended plan ("Third Amended Plan") filed solely on behalf of Carriage House. *Bankruptcy Case No. 09-12647, Docket Entry No. 290.* The Third Amended Plan is a pot plan with $450,000 being funded by Turchi for allowed general unsecured claims. *Third Amended Plan VII(B)(3) & (C)(1)(b), Bankruptcy Case No. 09-12647, Docket Entry No. 225.* However, one of the general unsecured claimants, Amalgamated Bank, as Trustee for Longview Ultra I Construction Loan Investment Fund ("Amalgamated"), has an allowed claim for $26,998,725.69. *Third Amended Plan at Article VII(B)(3).* While Amalgamated agreed to cap its distribution on account of its claim to $320,000, that leaves a balance of only $130,000 for distribution to the rest of Carriage House's unsecured creditors which, according to the Third Amended Plan, will provide a distribution of approximately 10.5% to the non-Amalgamated general unsecured creditors. *Id. at Article VII(B)(2) & (3).*

On July 1, 2010, the Chapter 7 Trustee began the § 341 meeting of creditors in 23S23's bankruptcy case. *Bankruptcy Case No. 09-12652, at Docket Entry No. 47.* The meeting was continued to August 5, 2010, to enable the Chapter 7 Trustee to follow up with records. *Id., Docket Entry 48.* On October 6, 2010, the Trustee filed a Notice of Change from a No-Asset to an Asset case. *Id., Docket Entry No. 49.* There are only three entries on the docket in 23S23's bankruptcy case after October of 2010. Two entries are for transcripts from hearings in which the Chapter 7 Trustee did not participate. *See Bankruptcy Case No. 12652, Docket Entry Nos. 51 & 52.* One transcript is from a hearing on December 21, 2010 on a discovery motion which Hunter Roberts filed; the other transcript is from the hearing on April 14, 2011, regarding a motion for reconsideration that

was filed in the Removed Consolidated Cases. *See id.* The only other entry on the docket is dated 2/24/10; this entry states: "Meeting of Creditors Held and Concluded on 2/24/10." *Id., Docket Entry dated 2/24/11.* Importantly, there has been no court action taken by the Chapter 7 Trustee in 23S23's bankruptcy case.

The Motion at issue in this adversary proceeding was filed on December 3, 2010. While the Motion is entitled "Defendants' Motion for Partial Judgment on the Pleadings Against Plaintiff Morris Black & Sons, Inc.," the only relief sought in the motion is judgment, on all counts, in favor of Turchi, Inc.. No relief is sought in favor of 23S23. Furthermore, the Motion was filed after 23S23's case was converted to a Chapter 7 case and the Chapter 7 Trustee was appointed. Yet, the Chapter 7 Trustee did not sign the Motion, there is no indication that the Chapter 7 Trustee authorized the filing of the motion on behalf of 23S23, and the Chapter 7 Trustee did not appear at the hearing on the Motion which was held on January 25, 2011.

## **DISCUSSION**

### *Developments since denial of motion to remand*

As the "Background" section above reveals, there have been significant developments in the debtors' bankruptcy cases and this adversary proceeding since this Court denied Morris Black's motion for remand. Firstly, Morris Black no longer has any claim against Carriage House in its bankruptcy case which means that Carriage House is no longer a defendant in this adversary proceeding. Secondly, 23S23's bankruptcy case has been converted to a Chapter 7 case. Thirdly, the Chapter 7 Trustee, who was appointed in April of 2010, has, to date, not participated in the instant adversary

12

proceeding.[7]

Furthermore, Since Carriage House is no longer a defendant in this adversary proceeding and the Chapter 7 Trustee has taken no action to participate in this litigation, the only parties which have indicated that they have an interest in litigating this adversary proceeding are the non-debtor parties, namely Morris Black and Turchi, Inc.. Consequently, this litigation is essentially between two non-debtor parties.

### *Only Two Counts Remain Pending Against Turchi, Inc.*

The state court dismissed Count II of the Complaint <u>with prejudice</u> as to Turchi, Inc..[8] Therefore, only Counts I and III of the Complaint are still pending against Turchi, Inc.. *See Fed.R.Bankr.P. 9027(i) (*"All injunctions issued, orders entered and other proceedings had prior to removal shall remain in full force and effect until dissolved or modified by the court.").

### *Sua Sponte Consideration of Equitable Remand*

Based on the current status of the debtors' bankruptcy cases and the instant adversary proceeding, this Court finds it appropriate to *sua sponte* raise the issue of equitable remand pursuant to 28 U.S.C. § 1452(b).  *See Trusty v. Monument Street*

---

[7] Even though the Chapter 7 Trustee for 23S23 was appointed six months before the Motion was filed, Daniel J. Dugan, Esquire signed the Motion as "Counsel for Defendants." However, there is no indication whatsoever in the record that Mr. Dugan had authority from the Chapter 7 Trustee to file the Motion on behalf of 23S23. Therefore, the motion was filed solely on behalf of the non-debtor defendant, Turchi, Inc.

[8] At the hearing on the Motion, Morris Black's counsel agreed that Morris Black would not pursue Count II "any longer" if it had been dismissed with prejudice by the state court. *See Transcript, dated January 25, 2011, at 12-13.*

*Funding (In re Trusty)*, 2007 WL 3274420, at 4 & n.17 (Bankr. E.D. Pa. Nov. 5, 2007) (Frank, J.) (exercising "broad discretion accorded to the bankruptcy court under 28 U.S.C. § 1452(b)" to *sua sponte* remand adversary proceeding back to state court); *Texas Gulf Trawling Co., Inc. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.)*, 260 B.R. 832 (Bankr. S.D. Tex. 2001) (raising issue of remand *sua sponte* pursuant to §1452(b)).

According to 28 U.S.C. § 1452(b), which is titled "Removal of claims related to bankruptcy cases," the court "to which such claim or cause of action is removed may remand such claim or cause of action on *any equitable ground.*" *28 U.S.C. § 1452(b) (emphasis added).* This statutory provision "grants bankruptcy courts broad discretion to reroute civil proceedings to state court." *S & S Family Partnership v. Abruzzo (In re Abruzzo), 1999 WL 1271761, at *2 (Bankr. E.D. Pa. 1999)*. Factors which courts typically consider in making the decision whether to remand include the following:

(1) the effect on the efficient administration of the bankruptcy estate;

(2) the extent to which issues of state law predominated;

(3) the difficulty or unsettled nature of the applicable state law;

(4) comity;

(5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(6) the existence of a right to a jury trial; and

(7) prejudice to the involuntarily removed party.

*Lichtenfels v. Electro-Motive Diesel, Inc.*, 2010 WL 653859, at *10 (W.D. Pa. Feb. 22,

2010).

***Consideration of Factors in
Determining Whether to Remand***

Since Carriage House is no longer a defendant in this adversary proceeding, there are only two defendants who remain in the litigation, only one of whom is a debtor. 23S23, who originally filed a Chapter 11 bankruptcy case, is now a Chapter 7 debtor and the Chapter 7 Trustee who was appointed to its case has shown no interest in litigating this adversary proceeding. Consequently, this litigation is basically a lawsuit involving two non-debtor parties. Thus, the litigation will not affect the efficient administration of the debtor's bankruptcy cases.

The claims at issue in the adversary proceeding (Counts I and III of the Complaint) are state law claims. Therefore, state law predominates the litigation.

Since the state court issued its ruling upon the defendants' preliminary objections, it is familiar with this litigation. Moreover, by denying the defendants' preliminary objections except as to Count II against Turchi, Inc., the state court paved the way for Morris Black to move forward on its claims, in state court, past the pleading stage. In the Motion, Turchi, Inc. is essentially raising the same arguments for dismissal of Counts I and III of the Complaint that it raised in the preliminary objections. Thus, Turchi, Inc. is asking this Court to reach the opposite result from the state court on its arguments for dismissal by applying a different standard of review (namely the federal pleading standard).[9] Such a

---

[9] When a motion is made pursuant to Fed. R. Civ. P.12(c) for failure to state a claim upon which relief can be granted, the motion is subject to the same standard of review as a request for dismissal under Fed. R. Civ.. P. 12(b)(6). *Bangura v. City of Philadelphia,
338 Fed. Appx. 261, 264 (3d Cir. 2009); Billero v. Wachovia Mortgage, FSB, 2010 WL*
(continued...)

15

result would severely prejudice Morris Black since, if this Court retains this lawsuit here, Morris Black could end up with Counts I and III being dismissed as to Turchi, Inc.. With 23S23 in a Chapter 7 bankruptcy case, Morris Black's only hope for recovery in this lawsuit may hinge on its ability to obtain a judgment against Turchi, Inc. Consequently, the chance of prejudice to Morris Black if this action is not remanded weighs heavily in favor of remanding it to the state court where Morris Black chose to file it.

Furthermore, this Court is persuaded that the primary focus of the defense in this lawsuit is the avoidance of liability against Turchi, Inc., a non-debtor. This Court has no interest in Turchi, Inc.'s liability or non-liability to Morris Black.

---

⁹(...continued)
*5168949, at \*7 (D.N.J. Dec. 14, 2010); Vacanti v. Apothaker & Associates, P.C., 2010 WL 4702382, at \*2 (E.D. Pa. Nov. 12, 2010).* "To withstand a Rule 12(b)(6) motion to dismiss 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3rd Cir. 2011) (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).*

In contrast, in the Commonwealth of Pennsylvania, the standard of review applicable to preliminary objections in the nature of a demurrer (which test the legal sufficiency of a complaint) is the following:

> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Haun v. Community Health Systems, Inc., 14 A.3d 120, 123 (Pa. Super. 2011) (quoting Hykes v. Hughes, 835 A.2d 382, 383 (Pa. Super. 2003) (ctations omitted)).*

16

Lastly, since the lawsuit consists of state law claims upon which the state court has already issued a decision and orders, considerations of comity weigh in favor of returning this lawsuit to the state court. See *Peabody Landscape Construction, Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007) (*quoting In re Casamont Investors, Ltd.*, 196 B.R. 517, 524 (9th Cir. 1996)) ("Comity is a concept that means that 'all else being equal, state issues ought to be decided by state courts.'").

Thus, upon considering the factors relevant to equitable remand in light of the current status of this litigation and the debtors' bankruptcy cases, the Court concludes that this lawsuit should be equitably remanded to the state court.

### SUMMARY

When this state court action was removed here, Morris Black promptly moved to have it remanded back to the state court. At that time, the debtors' bankruptcy cases had only recently been filed. However, since that time, significant events have occurred in the debtors' bankruptcy cases which have affected the posture of this adversary proceeding. Based upon the circumstances as they currently exist, the Court concludes that equitable remand of this adversary proceeding to state court, where it was originally filed, is the appropriate course of action. An Order to this effect follows.

By the Court:

_____
Stephen Raslavich
Chief, United States Bankruptcy Judge

Dated:  June 22, 2011